FILED
CLERK, U.S. DISTRICT COURT
2/8/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: CDO DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAMES HARVEY SCOTT, JR.,<br>TYWAN DEWAYNE PARKS, and<br>ROSALIA MEJIA OROPEZA,<br>　aka "ROSALIA MEJIA CERVANTES<br>　　　OROPEZA"<br>　aka "ROSALIA MEJIA,"<br>　aka "ROSALIA CERVANTES,"<br>　aka "ROSA,"<br><br>　　　　Defendants. | Case No. 5:24-cr-00043-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1708: Mail Theft; 18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 1704: Unlawful Possession of Postal Key and Locks; 18 U.S.C. § 982: Criminal Forfeiture] |

　　The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1344(2)]

[DEFENDANT SCOTT]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Indictment:

　　1.　Citizen Alliance Bank, Comerica Bank, U.S. Bank, N.A., and Wells Fargo Bank, N.A. were each a financial institution insured by

the Federal Deposit Insurance Corporation.

2. An arrow key or a modified arrow lock (MAL) key was a type of universal key used by the United States Postal Service to access collection boxes, outdoor parcel lockers, cluster box units, and apartment panels.

B.  THE SCHEME TO DEFRAUD

3. Beginning no later than in or around May 2021 and continuing until at least in or around August 2023, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant JAMES HARVEY SCOTT, JR., and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of federally insured financial institutions by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

   a. Defendant SCOTT would access mail belonging to various individuals and businesses by using a real or counterfeit arrow key or MAL key.

   b. Defendant SCOTT, either alone or together with others known and unknown to the Grand Jury, would steal multiple pieces of mail, including credit cards, checks, and money orders.

   c. Defendant SCOTT would use stolen and unauthorized credit cards to conduct unauthorized purchases. In doing so, defendant SCOTT falsely represented to the financial institutions that operated the credit card accounts that he was an authorized user

of the credit cards and concealed that he was not authorized to access the credit cards.

   d. Defendant SCOTT would alter, modify, or "wash" stolen and unauthorized checks and money orders to make himself, "JAMES HARVEY SCOTT, JR.," the payee, and he would deposit them in exchange for cash.  In doing so, defendant SCOTT falsely represented to the financial institutions that he was an authorized payee of the checks and money orders and concealed that he was not the authorized payee of the checks and money orders.

C. <u>EXECUTIONS OF THE FRAUDULENT SCHEME</u>

  5. On or about the following dates, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant SCOTT committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | May 13, 2021 | Altered and cashed a stolen money order drawn on Citizen Alliance Bank at a Wells Fargo Bank, N.A. |
| TWO | May 13, 2021 | Altered and cashed a stolen money order drawn on Citizen Alliance Bank at Cashback LLC, dba Cashback Payday Advance, in San Bernardino County. |
| THREE | July 20, 2022 | Altered and cashed a stolen check drawn on Comerica Bank at a Comerica Bank in Rancho Cucamonga, California. |
| FOUR | March 29, 2023 | Used a stolen credit card issued to victim A.G. by U.S. Bank, N.A. for $683.64 at a Nike store in Redlands, California. |

COUNT FIVE

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

[DEFENDANT SCOTT]

On or about March 29, 2023, in Riverside County, within the Central District of California, defendant JAMES HARVEY SCOTT, JR. knowingly transferred, possessed and used, and willfully caused to be used, without lawful authority, a means of identification that defendant SCOTT knew belonged to another person, namely, the name and account number belonging to victim A.G., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

## COUNT SIX

### [18 U.S.C. § 1708]

### [DEFENDANT SCOTT]

On or about March 29, 2023, in San Bernardino County, within the Central District of California, defendant JAMES HARVEY SCOTT, JR. stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, mailboxes located at 93 Kansas Street in Redlands, California, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT SEVEN

[18 U.S.C. §§ 1708, 2(a)]

[DEFENDANTS SCOTT and PARKS]

On or about August 31, 2023, in Riverside County, within the Central District of California, defendants JAMES HARVEY SCOTT, JR. and TYWAN DEWAYNE PARKS, each aiding and abetting the other, stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, mailboxes located at 4620 Van Buren Boulevard in Riverside, California, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT EIGHT

[18 U.S.C. § 1349]

[DEFENDANTS SCOTT and OROPEZA]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendants JAMES HARVEY SCOTT, JR. and ROSALIA MEJIA OROPEZA, also known as ("aka") "ROSALIA MEJIA CERVANTES OROPEZA," aka "ROSALIA MEJIA," aka "ROSALIA CERVANTES," aka "ROSA," resided in San Bernardino County and Riverside County, California.

2. An arrow key or a modified arrow lock (MAL) key was a type of universal key used by the United States Postal Service to access collection boxes, outdoor parcel lockers, cluster box units, and apartment panels. These keys have unique serial numbers and are assigned to letter carriers, who use them to collect and deliver mail on their assigned routes.

3. "Just Kill" was a dark net website that allowed users to obtain personal identifying information belonging to victims, including victims' social security numbers.

B.   THE OBJECT OF THE CONSPIRACY

4. Beginning on an unknown date, but no later than in or around July 2023, and continuing until at least in or around November 2023, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendants SCOTT and OROPEZA conspired with others known and unknown to the Grand Jury, to commit Bank Fraud, in violation of Title 18, United States Code, Section 1344(2).

C.   MANNER AND MEANS OF THE CONSPIRACY

5. The object of the conspiracy was carried out, and was to be

7

carried out, in substance, as follows:

    a. Prior to September 15, 2023, defendants SCOTT and OROPEZA would access mail belonging to various individuals and businesses by using a real or counterfeit arrow key or MAL key.

    b. Defendants SCOTT and OROPEZA would steal multiple pieces of mail, including payment cards and checks.

    c. Over text message, defendants SCOTT and OROPEZA would exchange information, including victims' personal identifying information, to activate payment cards to conduct unauthorized purchases.

    d. Defendants SCOTT and OROPEZA would use stolen and unauthorized payment cards to conduct unauthorized purchases. In doing so, defendants SCOTT and OROPEZA falsely represented to the financial institutions that operated the payment card accounts that one of them was an authorized user of the payment cards and concealed that the person using the payment cards was not authorized to access the payment cards.

    e. Defendants SCOTT and OROPEZA would alter, modify, or "wash" stolen and unauthorized checks and deposit them in exchange for cash. In doing so, defendants SCOTT and OROPEZA falsely represented to financial institutions that one of them was an authorized payee of the checks and concealed that neither of them was the authorized payee of the checks.

    f. After defendant SCOTT's arrest on September 14, 2023, defendants SCOTT and OROPEZA discussed and planned how defendant OROPEZA would continue to steal mail and continue committing bank fraud while defendant SCOTT was incarcerated.

    g. Defendant OROPEZA would use a real or counterfeit

8

arrow key or MAL key to access and steal mail belonging to various individuals and businesses.

   h. Defendant OROPEZA obtained the means of identification, including the names, dates of birth, addresses, and payment card numbers, of identity theft victims, including victims M.J., R.L., and M.M. (the "stolen identities").

   i. Defendant OROPEZA used personal identifying information to activate cards that she and defendant SCOTT were not authorized to use.

D. <u>OVERT ACTS</u>

  6. In furtherance of the conspiracy, and to accomplish its object, defendants SCOTT and OROPEZA, and others known and unknown to the Grand Jury, committed and willfully caused others to commit, on or about the dates set forth below, the following overt acts, among others, within the Central District of California, and elsewhere:

  <u>Overt Act No. 1</u>: On July 15, 2023, defendants SCOTT and OROPEZA exchanged text messages in which they discussed defendant OROPEZA printing checks, defendant SCOTT's failure to successfully pass a check, and defendant SCOTT's successful use of a card.

  <u>Overt Act No. 2</u>: On July 27, 2023, defendant SCOTT sent a text message to defendant OROPEZA containing a social security number and stated, "[t]hat's her social if you wanna activate it yourself."

  <u>Overt Act No. 3</u>: On August 3, 2023, defendant OROPEZA sent defendant SCOTT a text message asking if defendant SCOTT had "take[n]" an "id" and "social" defendant OROPEZA had "got[ten] yesterday" and explaining that defendant OROPEZA had planned to "create an account with that."

  <u>Overt Act No. 4</u>: On August 3, 2023, defendant SCOTT sent

defendant OROPEZA a text message confirming that another individual had cashed a check using the information to which defendant OROPEZA had referred in her earlier text message.

<u>Overt Act No. 5</u>:   On August 6, 2023, defendant OROPEZA sent defendant SCOTT a text message, "I'ma shower n get ready so we can go hit the boxes later" – <u>i.e.</u>, to steal mail.

<u>Overt Act No. 6</u>:   On August 11, 2023, defendant OROPEZA sent defendant SCOTT a text message asking defendant SCOTT to "look up" a social security number and suggested the defendant SCOTT "make an online account for American Express."

<u>Overt Act No. 7</u>:   On August 12, 2023, defendant OROPEZA sent defendant SCOTT via text message two links to Rolex watches and stated, "When ur done we can try to pay for it with the American Express card."

<u>Overt Act No. 8</u>:   On August 12, 2023, in multiple text messages, after defendant SCOTT expressed that the cost of one Rolex was "a lil steep," defendant OROPEZA replied, "I'm sure I can make it happen [.] With the profiles that we have."

<u>Overt Act No. 9</u>:   On September 10, 2023, defendant OROPEZA sent defendant SCOTT a text message explaining that she wanted to make some money and had activated a card that was ready to be used.

<u>Overt Act No. 10</u>:   On September 10, 2023, defendant OROPEZA sent defendant SCOTT a text message explaining that she avoided using a card when she had to show identification.

<u>Overt Act No. 11</u>:   On September 10, 2023, defendant OROPEZA sent defendant SCOTT a text message asking what time defendant SCOTT wanted to "hit the boxes."

<u>Overt Act No. 12</u>:   On September 10, 2023, defendants SCOTT and

OROPEZA exchanged text messages in which defendant OROPEZA asked defendant SCOTT for a victim's date of birth because she needed that information to obtain the victim's social security number; defendant SCOTT then referred to having sent defendant OROPEZA numerous social security numbers.

<u>Overt Act No. 13</u>:  On September 12, 2023, defendants SCOTT and OROPEZA exchanged text messages in which defendant SCOTT sent defendant OROPEZA two victims' birthdates and defendant OROPEZA responded by sending defendant SCOTT two social security numbers.

<u>Overt Act No. 14</u>:  On September 12, 2023, defendant SCOTT sent defendant OROPEZA a text message that a card associated with Best Buy had been activated and the pin had been set.

<u>Overt Act No. 15</u>:  On September 12, 2023, defendant OROPEZA sent defendant SCOTT a text message stating, "I still haven't open what I got but, I know I got checks cause I hit a few business."

<u>Overt Act No. 16</u>:  On September 12, 2023, using coded language in a text message, defendant OROPEZA told defendant SCOTT she was removing the serial number from arrow keys, to which defendant SCOTT explained that defendant OROPEZA would have to "go pretty deep" to remove the serial number from arrow keys.

<u>Overt Act No. 17</u>:  On September 12, 2023, in a text message, defendant OROPEZA told defendant SCOTT that she "got some really good checks," which she described as "like perfect checks or 3, 3 and 5 thousand wells Fargo n one bank American for 5 n they are hand signatures."

<u>Overt Act No. 18</u>:  On September 13, 2023, defendant SCOTT sent defendant OROPEZA a text message asking for a victim's information,

and defendant OROPEZA responded by sending defendant SCOTT a victim's name and zip code.

<u>Overt Act No. 19</u>: On September 14, 2023, defendant SCOTT possessed stolen mail inside his vehicle.

<u>Overt Act No. 20</u>: On September 14, 2023, in a hotel room in Loma Linda, California, defendants OROPEZA and SCOTT possessed stolen mail.

<u>Overt Act No. 21</u>: On September 15, 2023, in a telephone call after defendant SCOTT was arrested and incarcerated, defendant OROPEZA told defendant SCOTT that she had deleted information contained in defendant SCOTT's iPhone account.

<u>Overt Act No. 22</u>: On September 16, 2023, in a telephone call using coded language, defendant OROPEZA told defendant SCOTT that law enforcement had not seized everything from their hotel room and that defendant OROPEZA still had "something" – referring to victim information – though she was not sure if it still worked.

<u>Overt Act No. 23</u>: On September 16, 2023, in a telephone call, defendant SCOTT instructed defendant OROPEZA to try the last four "5009," and to use an account "just kill" – referring to a dark net website – to obtain personal identifying information related to a victim.

<u>Overt Act No. 24</u>: On September 20, 2023, in a telephone call using coded language, defendant OROPEZA told defendant SCOTT that she was busy manufacturing a false check.

<u>Overt Act No. 25</u>: On September 27, 2023, in a telephone call, defendant OROPEZA told defendant SCOTT that she "made 1100 already today," that she should have "like 1200 by tomorrow," and that she had been to three banks that day.

<u>Overt Act No. 26</u>:  On October 10, 2023, in a telephone call, using coded language defendant SCOTT provided defendant OROPEZA instructions on how to obtain arrow keys by contacting an associate of defendant SCOTT's who was recently incarcerated with defendant SCOTT and would assist defendant OROPEZA.

<u>Overt Act No. 27</u>:  On October 29, 2023, defendant OROPEZA stole mail from residents on Wild Rose Lane in Highland, California.

<u>Overt Act No. 28</u>:  On October 31, 2023, in a telephone call, defendant OROPEZA informed defendant SCOTT that she had successfully made counterfeit arrow keys.

<u>Overt Act No. 29</u>:  On November 28, 2023, in her residence in Rialto, California, defendant OROPEZA possessed (1) mail addressed to individuals other than defendant OROPEZA; (2) several notebooks with multiple outlines of USPS arrow keys for various cities in the Inland Empire along with photos and on how to counterfeit arrow keys and counterfeit arrow keys in various stages of production; (3) tools to manufacture counterfeit arrow keys, including Dremel tools and bits; (4) checks in names other than OROPEZA; (5) washed and altered checks showing the name of defendant OROPEZA; (6) access devices in names other than defendant OROPEZA; (7) device-making equipment; (8) several social security cards, United States passports not belonging to defendant OROPEZA, and California identification cards in names other than defendant OROPEZA; (9) a counterfeit credit card showing the name of defendant OROPEZA; and (10) a counterfeit credit card showing the name of defendant SCOTT.

|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  | COUNT NINE                                                                           |
| 2  | [18 U.S.C. § 1028A(a)(1); 2(a)]                                                      |
| 3  | [DEFENDANTS SCOTT and OROPEZA]                                                       |

Between on or about September 14, 2023 and on or about November 28, 2023, in San Bernardino County, within the Central District of California, defendants JAMES HARVEY SCOTT, JR. and ROSALIA MEJIA OROPEZA, also known as ("aka") "ROSALIA MEJIA CERVANTES OROPEZA," aka "ROSALIA MEJIA," aka "ROSALIA CERVANTES," aka "ROSA," each aiding and abetting the other, knowingly possessed, without lawful authority, a means of identification that defendants SCOTT and OROPEZA knew belonged to another person, namely, the name of victim M.J., during and in relation to the offense of Conspiracy to Commit Bank Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count Eight of this Indictment.

COUNT TEN

[18 U.S.C. § 1708]

[DEFENDANT OROPEZA]

On or about October 29, 2023, in San Bernardino County, within the Central District of California, defendant ROSALIA MEJIA OROPEZA, also known as ("aka") "ROSALIA MEJIA CERVANTES OROPEZA," aka "ROSALIA MEJIA," aka "ROSALIA CERVANTES," aka "ROSA," stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, mailboxes located at 28474 Wild Rose Lane in Highland, California, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT ELEVEN

[18 U.S.C. § 1029(a)(3)]

[DEFENDANT OROPEZA]

On or about November 28, 2023, in San Bernardino County, within the Central District of California, defendant ROSALIA MEJIA OROPEZA, also known as ("aka") "ROSALIA MEJIA CERVANTES OROPEZA," aka "ROSALIA MEJIA," aka "ROSALIA CERVANTES," aka "ROSA," knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 142 credit card numbers and 71 social security numbers, all belonging to persons other than defendant OROPEZA, with said possession affecting interstate and foreign commerce.

COUNT TWELVE

[18 U.S.C. § 1708]

[DEFENDANT OROPEZA]

On or about November 28, 2023, in San Bernardino County, within the Central District of California, defendant ROSALIA MEJIA OROPEZA, also known as ("aka") "ROSALIA MEJIA CERVANTES OROPEZA," aka "ROSALIA MEJIA," aka "ROSALIA CERVANTES," aka "ROSA," unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 599 pieces of mail and mail matter addressed to individuals other than defendant OROPEZA within San Bernardino County and elsewhere, and at that time and place, defendant OROPEZA knew that said mail and mail matter were stolen.

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | COUNT THIRTEEN                                                  |
| 2  | [18 U.S.C. § 1704]                                              |
| 3  | [DEFENDANT OROPEZA]                                             |

On or about November 28, 2023, in San Bernardino County, within the Central District of California, defendant ROSALIA MEJIA OROPEZA, also known as ("aka") "ROSALIA MEJIA CERVANTES OROPEZA," aka "ROSALIA MEJIA," aka "ROSALIA CERVANTES," aka "ROSA," knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, a key suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit or delivery of mail matter, namely, one counterfeit "arrow" key, and two postal locks adopted and in use at the time by the United States Post Office Department and Postal Service.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendants' conviction of the offenses set forth in any of Counts One through Thirteen of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

J'ME K. FORREST
Assistant United States Attorney
General Crimes Section